UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. GOLDEN, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br> v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  16cv1209 BTM(JMA)<br><br>**ORDER SETTING ASIDE ENTRY OF DEFAULT AS TO DEFENDANT AMERICAN MORTGAGE NETWORK, INC. ONLY**<br><br>**(ECF NO. 11)** |

On May 19, 2016, Plaintiff Daniel W. Golden ("Plaintiff"), <u>in pro per</u>, filed this mortgage relief action against two parties:  JPMorgan Chase Bank, N.A., its successors and/or assigns ("Chase"); and American Mortgage Network, Inc., its successors and/or assigns ("AMN"). The Court issues this order to correct a default that was erroneously entered against AMN.  (ECF No. 11.)

On July 7, 2016, Plaintiff filed a proof of service of the summons and complaint on Chase (ECF No. 3), along with a request for entry of default against Chase that was deemed deficient because it was filed without the supporting affidavit that Federal Rule of Civil Procedure 55(a) requires.  (ECF Nos. 5 (Req. for Entry of Default Against Def. Chase), 4 (Notice of Deficiency).)

On July 28, 2016, Plaintiff filed a proof of service of the summons

complaint on AMN. (ECF No. 6.) The same day, he also filed a second request for entry of default against Chase (the "second default request"), which did include a supporting affidavit. (ECF Nos. 10 (Req. for Entry of Default Against Def. Chase), 8 (Decl. in Supp. of Entry of Default Against Def. Chase).) However, the second default request was drafted confusingly, in that the caption said it sought the entry of default of Chase only, but the body of the request said it sought entry of default of both Chase and AMN. (See ECF No. 8.) The affidavit that accompanied the second default request stated facts relating only to the default of Chase; there was nothing in that affidavit supporting entry of default against AMN. (See ECF No. 10.) On August 3, 2016, the clerk entered the default of both Chase and AMN. (ECF No. 11.)

On August 29, 2016, Plaintiff filed a request for entry of default against AMN. (ECF No. 14.) In it, he stated that "[o]n August 3, 2016, the Court erroneously entered a default against … AMN" even though "[t]he time for Defendant AMN to respond had not yet expired on August 3, 2016" but instead "expired on August 5, 2016." *Id.* at 1:22-2:1.

The Court agrees that the August 3, 2016 default should not have included AMN.[1] While the body of the second default request said Plaintiff sought entry of default as to both Chase and AMN, the title stated Plaintiff was requesting the default of Chase only, and the affidavit that accompanied the second default request only provided facts relating to the default of Chase, not AMN. See Fed. R. Civ. P. 55(a) (entry of default appropriate only after a party's failure to plead or otherwise defend is shown "by affidavit or otherwise").

---

[1] While it appears that Plaintiff's confusing request contributed to the error, the Supreme Court "has made it clear that pleadings of pro se litigants," like those of the Plaintiff in this case, "are to be held to less rigorous standards than those drafted by attorneys." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261,1268 (9th Cir. 1992) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Although Plaintiff has not filed a motion to correct the erroneous entry of default against AMN, the Court can do so <u>sua sponte</u>.  Pursuant to Federal Rule of Civil Procedure 55(c) ("Rule 55(c)"), "[t]he court may set aside an entry of default for good cause," and it may do so on its own motion.  Fed. R. Civ. P. 55(c); <u>Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec</u>, 529 F.3d 371, 385-86 (7th Cir. 2008) (district court that has entered a default against a party retains 'the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity of relief by means other than a motion'").  Under Federal Rule of Civil Procedure 60(a) ("Rule 60(a)"), "[t]he court may correct a clerical mistake … whenever one is found in a judgment, order, or other part of the record," and it may do so "on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a); <u>American Trucking Ass'ns v. Frisco Transp. Co.</u>, 358 U.S. 133 (1958) ("courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake" under Rule 60(a)).

The Court finds that the August 3, 2016 default included AMN as the result of a clerical error within the meaning of Rule 60(a), and that good cause supports setting it aside under Rule 55(c).  Therefore, the Court orders that the August 3, 2016 default (ECF No. 11) is **SET ASIDE IN PART** as to Defendant AMN only, without prejudice.

**IT IS SO ORDERED.**

Dated:  September 6, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court